# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00340-MR
# [CRIMINAL CASE NO. 1:16-cr-00016-MR-DLH-6]

| | |
|---|---|
| JUSTIN LATREY MOSLEY, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1].

## I. BACKGROUND

Petitioner was charged with conspiracy to possess with intent to distribute cocaine and cocaine base, including 28 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (Count Two); possession with intent to distribute a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Four); and possession with intent to distribute in excess of 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Eight). [Criminal Case No. 1:16-cr-00016-MR-6 ("CR"), Doc. 79: Superseding

Indictment]. Petitioner agreed to plead guilty to Count Four, in exchange for the dismissal of the other two counts. [CR Doc. 177 at ¶¶ 1-2: Plea Agreement]. As part of the parties' written Plea Agreement, the Government proposed that the amount of cocaine base known or reasonably foreseeable to Petitioner was 124.41 grams. [Id. at ¶ 8(a)]. Petitioner reserved the right to challenge the amount of drugs attributable to him at sentencing. [Id.]. He stipulated to the Factual Basis, stating that he had read and understood it and that it could be used to determine his guideline range and sentence. [Id. at ¶ 15]. Petitioner agreed to waive the right to contest his conviction and sentence, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶ 20].

During Petitioner's plea hearing, he again agreed with the Factual Basis, including the description of the offenses as involving crack cocaine. [CR Doc. 261 at 14-18]. The Magistrate Judge accepted Petitioner's guilty plea after finding that it was knowingly and voluntarily made. [Id. at 24-25].

A probation officer prepared a presentence report, recommending that the Court find that Petitioner's base offense level was 26, because his offense involved 124.41 grams of cocaine base. [CR Doc. 215 at ¶ 12: Draft PSR]. The probation officer also recommended a three-level reduction for acceptance of responsibility, which reduced Petitioner's total offense level to

23. [Id. at ¶¶ 19-21]. Petitioner's total offense level, combined with a criminal history category of V, resulted in the calculation of an advisory Guideline range of 84 to 105 months of imprisonment. [Id. at ¶¶ 37, 61].

On April 13, 2017, the Court sentenced Petitioner to 84 months of imprisonment. [CR Doc. 239]. Petitioner appealed, but the Fourth Circuit granted the Government's motion to dismiss the appeal as barred by the appellate waiver in Petitioner's plea agreement. United States v. Mosley, No. 17-4255 (4th Cir. Oct. 5, 2017) (corrected order).

Petitioner timely filed the present Motion to Vacate on December 11, 2017. [Doc. 1]. In his motion, he argues as his sole claim that his attorney provided ineffective assistance by failing to have the cocaine base involved in the offenses independently analyzed to determine whether it was in fact crack cocaine. [Doc. 1 at 4-8].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record

and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  See U.S. Const. amend. VI.  To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'"  Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).  Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice."  Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008).  If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong."  United States v. Rhynes, 196 F.3d 207,

4

232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000). Finally, to establish ineffective assistance of counsel at sentencing, a petitioner must show that, but for counsel's deficient performance, there is a reasonable probability that he would have received a lower sentence. See Royal v. Trombone, 188 F.3d 239, 249 (4th Cir. 1999).

Here, Petitioner cannot prevail on an ineffective assistance claim against his trial counsel for failing to obtain independent chemical testing of the drugs at issue. Petitioner's base offense level was calculated by reference to U.S.S.G. § 2D1.1(c)(7), which by its plain terms applies to *all* cocaine base, whether or not it is crack cocaine. Petitioner argues that the Notes to the Drug Quantity Table set forth in § 2D1.1(c) limit the definition of "cocaine base" as used in the Table to mean only "crack" cocaine, and therefore, his counsel should have had the substance involved independently tested to determine what type of cocaine base it was. This argument, however, is unavailing. The Factual Basis, which was admitted by Petitioner, indicates that the transactions at issue involved crack cocaine. The case agent, who is a trained and experienced law enforcement officer, stated that the substance involved was crack cocaine. Further, the principals involved in the drug transactions at issue, including the CI, stated that the deals were for crack cocaine. This evidence provided ample support for the

5

Court's determination of Petitioner's base offense level under § 2D1.1(c)(7). Therefore, counsel was not constitutionally deficient for failing to seek additional testing of the cocaine base. See United States v. Mason, 774 F.3d 824, 830 (4th Cir. 2014) (holding that attorneys are not deficient for failing to bring long-shot contentions).[1]

In any event, Petitioner cannot show any prejudice from counsel's performance. In light of the evidence presented to the Court, as discussed above, the possibility that an independent evaluation of the substance would have revealed something resulting in a lower sentence is simply speculation. As such, Petitioner has failed to show that there is a reasonable probability that he would have received a lower sentence had the independent laboratory testing been performed. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (affirming dismissal of § 2255 claims based on vague and conclusory allegations); Shuff v. United States, No. 3:14CV336, 2014 WL 4829056, at *5 (W.D.N.C. Sept. 29, 2014) (unpublished) (rejecting

---

[1] Petitioner's underlying argument regarding the interpretation of U.S.S.G. § 2D1.1 and Application Note D is likewise unavailing. Section 2D1.1 treats powder cocaine and cocaine base differently for the purpose of calculating a base offense level. The gist of Petitioner's argument is that cocaine base should not fall under the guideline for cocaine base, but rather under the guideline for powder cocaine, unless the cocaine base is determined to be *crack* cocaine. This turns basic rules of construction on their head. The guideline for cocaine base applies to cocaine base, regardless of its sub-type. See United States v. DePierre, 564 U.S. 70 (2011).

6

ineffective assistance claim based on allegation that counsel should have requested a drug purity test).

For these reasons, Petitioner's claim of ineffective assistance is denied.

**IV.    CONCLUSION**

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: November 16, 2018

Martin Reidinger
United States District Judge